IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN C. STUBBS,

      Plaintiff,                                     08cv1567

                                                          **ELECTRONICALLY FILED**

      v.

TERRY COLLINS, *Director, DRC* and
CYNTHIA B. MAUSSER, *in her personal and
official / Chief Executive Officer capacity as
Chairperson over all operations of the DRC's
Ohio Adult Parole Authority (APA)*,

      Defendants.

**MEMORANDUM OPINION**

**I.    Introduction**

Plaintiff, John C. Stubbs, a resident of Pennsylvania, filed an Amended Complaint (Doc. No. 11) on November 12, 2008, which centers on certain allegedly erroneous information about Plaintiff posted on the official website for the Ohio Department of Rehabilitation and Corrections ("DRC"). Plaintiff is a convicted sex offender under Ohio law.[1] Defendant Terry J. Collins, is a resident of the state of Ohio and Director of the Ohio Department of Rehabilitation and Correction. Defendant Cynthia B. Mausser, also a resident of Ohio, is the Chairperson of DRC's Ohio Adult Parole Authority ("APA").

Plaintiff's Complaint purports to raise various constitutional tort claims pursuant to 42 U.S.C. §1981, 1983, 1985, 1986 and 1988 arising from the posting of a "false" second conviction on the DRC's website, as follows: "Claim # 1." Defendants' false posting constitutes retaliation,

---

[1] According to plaintiff's Amended Complaint, he was tried and convicted in the Court of Common Pleas of Mahoning County, Ohio, in July 1981, for kidnaping, robbery and rape.

libel and slander, violating rights secured to him by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments; "Claim # 2." Defendants' false posting subjects the Plaintiff to libel, slander, cruel and/or unusual punishment and mental-emotional assault in violation of the 1st, 4th, 8th, 9th, and 14th Amendments; "Claim # 3." Defendants' false posting subjects Plaintiff to undue discrimination violating the 1st, 4th, 8th, 9th, and 14th Amendments; and "Claim # 4." Defendants engaged in a retaliatory conspiracy and acted "outside of their Executive function by exercising Judicial authority in recommitting Plaintiff to a 2nd confinement" violating the 1st, 4th, 5th, 6th, 8th, 9th, and 14th Amendments. Plaintiff's "Relief Requested" seeks a cease and desist order against any false postings about him on the DRC website, "political asylum" in Pennsylvania and other declaratory and injunctive relief, a *minimum* of $4 million compensatory damages ($1 million on each claim), and a *minimum* of $40 million in punitive damages ($10 million on each claim).

Before this Court is Defendants' Motion to Dismiss (Doc. No. 26) pursuant to Fed. R. Civ. P. 12(b)(2), on the grounds that this Court lacks personal jurisdiction over Defendants. After consideration of Defendants' Motion to Dismiss, Plaintiff's response thereto, and Defendants' reply, this Court will grant Defendants' motion to dismiss for lack of personal jurisdiction.

**II.     Legal Standard - Rule 12(b)(2)**

**A. General Rule 12(b)(2).**

Once a defendant has raised a lack of personal jurisdiction defense, the burden shifts to the plaintiff to prove that jurisdiction exists in the forum state. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). A court must construe all facts in the light most favorable to the plaintiff when

determining whether personal jurisdiction exists.  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

Nonetheless, a plaintiff may not rest solely on the pleadings to satisfy its burden. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).  Rather, a plaintiff must demonstrate "with reasonable particularity" contacts between the defendant and the forum sufficient to support a prima facie case in favor of the exercise of personal jurisdiction by the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Carteret Sav. Bank*, 954 F.2d at 146.  Thus, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether in personam jurisdiction actually lies."  *Clark v. Matsushita Electric Indus. Co., Ltd.*, 811 F.Supp 1061, 1064 (MD. Pa. 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.3d 61, 66 n. 9 (3d Cir. 1984)).

**B. Pennsylvania Jurisdictional Standards**

Pursuant to Fed.R.Civ.P. 4(e), a federal court may assert personal jurisdiction over a non-resident to the extent allowed by the law of the forum state in which the federal court sits. *Remick v. Manfredi*, 238 F.3d 248, 255 (3d Cir. 2001); *Dayhoff, Inc.*, 86 F.3d at 1301; *Farino*, 960 F.2d at 1221.  Courts must resolve the question of personal jurisdiction "based on the circumstances that the particular case presents." *Brooks v. Bacardi Rum Corp.*, 943 F.Supp. 559, 562 (E.D.Pa. 1996) (citing *Burger King*, 471 U.S. at 485).  Due process, then, is an individualized inquiry.  *Mellon Bank*, 960 F.2d at 1224-25.  Consistent with the requirements of due process, courts must ensure that a defendant is subjected to personal jurisdiction only where her activities have been purposefully directed at residents of the forum, or otherwise availed

herself of the privilege of conducting activities there. *Burger King*, 471 U.S. at 472; *Hanson v. Denckla*, 357 U.S. 235 (1958).

Thus, the law of Pennsylvania provides the basis for determining whether this Court may exercise either general or specific personal jurisdiction over non-resident Defendants.[2]

**1. General Jurisdiction**

General jurisdiction over "Persons," is governed by 42 Pa.C.S. § 5301, which states the statutory bases upon which the courts of Pennsylvania may exercise general personal jurisdiction over a defendant. General jurisdiction is based on defendant's relationship with the forum rather than on particular contacts with the plaintiff. *Zombeck v. Amada Co. Ltd.*, 2007 WL 4105231 (W.D.Pa. 2007). General personal jurisdiction over a non-resident party requires a showing of "systematic and continuous contact" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff must demonstrate more than minimum contacts with the forum as "the threshold for establishing general jurisdiction is very high, and requires a showing of 'extensive and pervasive, facts' demonstrating connections with the forum state." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982).

**2. Specific Jurisdiction**

Specific jurisdiction involves an assertion of personal jurisdiction over the defendant, "arising out of or related to" defendant's articulable contacts with the forum. *Helicopteros*

---

[2] Pennsylvania's "Bases of Jurisdiction and Interstate and International Procedure" are set out in 42 Pa.C.S. §§ 5301 - 5308 (Subchapter A, General Provisions), and 42 Pa.C.S. § 5321 - 5329 (Subchapter B, Interstate and International Procedure).

*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).³  The United States Court of Appeals for the Third Circuit has adopted a three-prong approach to determine if specific jurisdiction exists.  *Wilyoung v. Coloardo Custom Hardware*, 74 Fed. R. Serv. 3d 1075 (W.D. Pa. 2009) (citing *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990)).  Plaintiff must first show that the defendant has "constitutionally sufficient 'minimum contacts' with the forum state."  IMO Indus., 155 F.3d at 258-259 (citing *Burger King*, 471 U.S. at 474).  These minimum contacts must be purposefully directed at the forum.  *Wilyoung*, 74 Fed. R. Serv. 3d at *12 (citing *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.2d 102, 102 (3d. Cir. 1990)).

      Minimum contacts can be established when tortious action occurs outside the Commonwealth but is specifically targeted to the Commonwealth.  In such situations, Pennsylvania law authorizes tribunals in the Commonwealth to "exercise personal jurisdiction over a person  . . . (4)  [c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."  42 Pa.C.S. § 5322(a)(4).  This is commonly known as the tort out - harm in doctrine.  However, "the fact that harm is felt in Pennsylvania from conduct occurring outside Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct."  *Santana Products, Inc. v. Bobrick Washroom Equipment,* 14 F. Supp.2d 710, 715 (M.D. Pa. 1998).

      Secondly, plaintiff's claims must "arise out of or relate to those activities."  *Helicopteros*, 466 U.S. at 414.  Finally, the court may consider if personal jurisdiction over a non-resident "comport[s] with 'fair play and substantial justice."  *Burger King*, 471 U.S. at 476.  The three-

---

³ Pennsylvania's "Uniform Interstate and International  Procedure Act," 42 Pa.C.S. §§ 5322 - 5329, provides for the exercise of specific jurisdiction over persons outside the Commonwealth.

prong approach should support specific jurisdiction for actions, "such that [the defendant] should reasonably anticipate being haled into court [in the forum state]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297(1980).  The specific jurisdiction test is "intended to protect a non-resident defendant from jurisdiction based solely on random, fortuitous, or attenuated contacts, or the unilateral activity of another party of third person."  *Burger King*, 471 U.S. at 475.

### III. Discussion

**A. General Jurisdiction**

Plaintiff has failed to allege, let alone show, that either Defendant had *any contact* with the forum and therefore, this Court does not have general jurisdiction over either Defendant. General jurisdiction requires "systematic and continuous contact" with the forum.  The Defendants are residents of Ohio, officials of the DRC, and performed their official functions solely in Ohio.  Plaintiff fails to aver any contact they might have had with Pennsylvania to establish the high threshold needed to support general personal jurisdiction.

**B. Specific Jurisdiction**

Plaintiff appears to claim Pennsylvania has jurisdiction over defendants based upon their allegedly fraudulent tortious acts committed outside of Pennsylvania but causing harm within Pennsylvania.[4]  Defendants argue that even if they did commit a fraudulent act by DRC's postings, any such conduct occurred strictly out of state, and these actions do not support jurisdiction in Pennsylvania.  This Court agrees with Defendants and finds this Court does not

---

[4] The Court finds that this statutory base of specific jurisdiction (i.e., tort out - harm in) is the only plausible statutory justification for finding personal jurisdiction over defendants.

have specific jurisdiction over either Defendant.

Plaintiff has failed to show personal jurisdiction based on a claim "arising out of or related to" the Defendants' contacts with the forum state. *Mellon Bank (East), PSFS, N.A. v. DiVeronica Brothers, Inc.*, 983 F.2d 551, 554 (3d Cir. 1993). Specific jurisdiction on the basis claimed by plaintiff (i.e., tort out- harm in) requires that Defendants *purposefully targeted* Pennsylvania. Plaintiff has not demonstrated that Defendants' website in any way targeted outside Ohio, let alone targeted Pennsylvania. The mere fact that residents, businesses and government agencies in Pennsylvania could access the DRC website is insufficient to establish personal jurisdiction. Defendants' actions were such that they would not reasonably anticipate being haled into court in this forum. *World-Wide Volkswagen*, 444 U.S. at 297.

A colleague on this Court set forth a thorough analysis of claims of personal jurisdiction based on an Internet website, finding that the "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D.Pa. 1997) (McLaughlin, J.). At one end of the jurisdictional spectrum lie "situations where a defendant clearly does business over the Internet [and] enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet[,]" and, at the other end, lie "situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions [and which is a] passive Web site that does little more than make information available to those who are interested in it . . . ." *Id*. (collecting cases) (sliding scale approach cited with approval in *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 452 (3d Cir. 2003)

("*Zippo Mfg. Co. v. Zippo Dot Com, Inc.* . . . has become a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site. The court in *Zippo* stressed that the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls. ")).

The DRC website was available as a source of information for anyone interested in accessing a current or former Ohio inmate's criminal history, but there is no record evidence or averments that it was targeted specifically to Pennsylvania (or to any other forum but Ohio). Plaintiff's contention that his "false 2nd conviction" was "posted on the world-wide web by DRC and APA, and mirrored by PA website" (Doc. No. 11 at 8 of 17) demonstrates the passive nature of the DRC website.  Plaintiff does not contend that DRC or APA actively sent information to any Pennsylvania agency or official or that Defendants had any contact with Pennsylvania other than by the posting on the website.

The DRC website lies at the "no jurisdiction" end of the jurisdictional spectrum, as it is merely "a passive website that does little more than make information available to those interested in it." As such, it does not provide sufficient contacts with Pennsylvania to permit the exercise of personal jurisdiction.

Though Plaintiff alleges that he is harmed in Pennsylvania by the alleged false statements about him on the DRC website (which the Court assumes is true for purposes of the motion to dismiss), harm in the forum alone does not satisfy personal jurisdiction requirements.  Indeed, "in the absence of any contacts with Pennsylvania, the fact that harm is felt in Pennsylvania from conduct occurring outside Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct." *Surgical Laser Techs. v. C.R.*

*Bard, Inc.*, 921 F. Supp. 281, 285 (E.D. Pa. 1996).

Plaintiff's Response to Defendants' Motion (Doc. No. 27) is quite vague and non-responsive, and does not assert any contacts by Defendants with anyone in Pennsylvania other than by the posting on the website,[5] nor does it even address the threshold question of personal jurisdiction over Defendants, which is Plaintiff's burden to show. In fact, although Plaintiff explicitly based his complaint on 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and the numerous amendments to the Constitution of the United States, Plaintiff strangely states that if he "wished to file a 42 USC 1983 claim he would have filed such in Ohio, since Ohio has jurisdiction of such claims 'arising under color of law'." Response (Doc. No. 27 at 5 of 6).

---

[5] Plaintiff's response states that this Court is "being requested to decide a matter of Defendants' purposely rendering false records to another state, and via the internet, which assaults Plaintiff while serving the purpose of covering up the same false records . . . ." Response (Doc. No. 27 at 2 of 6).

9

### IV.     Conclusion

Because Plaintiff has utterly failed to offer any contacts with Pennsylvania that might conceivably support jurisdiction of this forum over the Defendants, Ohio officials whose allegedly tortious conduct took place entirely in Ohio, this Court is without jurisdiction to proceed on Plaintiff's Amended Complaint. Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) will therefore be granted.

An appropriate Order will be entered.


DATED:  March 1, 2010


                                                                          s/ Arthur J. Schwab
                                                                          Arthur J. Schwab
                                                                          United States District Judge

cc:     All Registered ECF Counsel and Parties

John Charles Stubbs, Pro Se
c/o R. Mitchell
105 Secane Street Apt. B
Pittsburgh, PA 15211